THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| **JULIE HEDGLIN**, individually, and as putative class representative,<br><br><br><br>Plaintiff,<br><br><br>v.<br><br><br>**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**, a Delaware Limited Liability Company,<br><br><br>Defendant. | **COMPLAINT-CLASS ACTION**<br><br>**No. 3:16-cv-05127 BHS**<br><br>**FOURTH AMENDED COMPLAINT FOR UNPAID AND WRONGFULLY WITHHELD WAGES**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Julie Hedglin ("Plaintiff Hedglin" or "Plaintiff"), by and through her undersigned attorneys and on behalf of herself and all others similarly situated, complains and alleges the following:

PLAINTIFF'S FOURTH AMENDED COMPLAINT-1

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

**NATURE OF ACTION**

1.      This is a class action pursuant to Federal Rule of Civil Procedure 23 against Defendant Swift Transportation Co. of Arizona, LLC, and its subsidiaries and affiliated companies ("Defendant" or "Swift") for engaging in a systematic scheme of wage and hour violations against its current and former truck drivers working in this State.

2.      As fully explained *infra*, Defendant paid and continues to pay the vast majority of its truck drivers on a piece-rate scheme under which it does not compensate these truck drivers separately and hourly, or at all, for rest periods and certain other non-productive tasks, and failed to compensated these drivers for all hours worked at the appropriate overtime rate, as required under Washington law. Accordingly, Defendant violated Washington wage and hour law and is liable to Plaintiff and Class Members pursuant to the Washington Industrial Welfare Act, Washington Minimum Wage Act, and regulations promulgated by the State's Department of Labor and Industries and codified in WAC 296-126.

3.      Accordingly, Plaintiff seeks relief on a class-wide basis for unpaid wages for unpaid overtime wages, unpaid wages for rest periods and other non-productive tasks separate and apart from the piece-rate, attorney's fees and costs for Defendant's past violations during the Class Period, and double damages for Defendant's past and ongoing violations.

**THE PARTIES**

4.      From November 7, 2014 through July 15, 2015, Plaintiff Julie Hedglin was employed as a heavy haul truck driver for Defendant, based out of Defendant's Heavy Haul Division in Sumner, Washington.  At all relevant times, Plaintiff spent virtually every day of the month driving routes in Washington State for Defendant and sometimes drove through Washington to other states. The majority of Plaintiff's work involved transporting goods from Defendant's Sumner, Washington, Heavy Haul Division to locations in Washington, Oregon, and Idaho.

5.      Defendant Swift is a Delaware limited liability company headquartered in Phoenix, Arizona, and is engaged in the business of trucking and transportation of goods.

PLAINTIFF'S FOURTH AMENDED COMPLAINT-2

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

Defendant provides these services to companies throughout the United States and Mexico and has terminals all over the country and in Mexico, including the West Coast. Swift's West Coast Terminals are located in Sumner, Washington; Troutdale, Oregon; and Lathrop, California. Swift also has a terminal in Lewiston, Idaho, near the Washington-Idaho border. Defendant also maintains a truck drop-yard in Spokane, Washington. On information and belief, the vast majority of Defendant's truck drivers in Washington are compensated based on the same piece-rate compensation system.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over this action to recover money damages pursuant to 28 U.S.C. § 1332.

7.      This Court has jurisdiction over the Plaintiff's and Class Members' claims pursuant to 28 U.S.C. § 1332(d).

8.      This Court has jurisdiction over Plaintiff's and Class Members' claims for implied causes of action pursuant to 28 U.S.C. § 1332.

9.      Venue is proper in the Federal District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 128(b) & 1441(a).

## FACTUAL ALLEGATIONS

10.      Defendant Swift is a large employer of truck drivers. At any one time during the Class Period, Defendant Swift employed more than 400 truck drivers based out of its terminal in Sumner. Upon information and belief, Defendant Swift employed approximately 2,540 truck drivers based in this State during the Class Period.

11.      Defendant compensated Plaintiff and other truck drivers on a per-mile piece-rate basis, with no separate and hourly pay for rest periods, as required by state law. In fact, Defendant did not have any policy or practice to allow piece-rate truck drivers to take a paid rest break as required by WAC 296-126-092(4).

12.      Under Washington law, employer's paying employees on a piece-rate scheme must pay workers for rest periods *separate and apart from the piece*. *See Demetrio v. Sakuma*

PLAINTIFF'S FOURTH AMENDED COMPLAINT-3

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

*Bros., Inc.*, 183 Wash.2d 649 (2015) (holding that piece rate agricultural workers must be paid hourly and separately for statutory rest breaks under WAC 296-131-020(2)); *see also Helde v. Knight Transportation, Inc.*, 2016 WL 1687961, at *4 (W.D. Wash. Apr. 26, 2016) (applying *Demetrio* to trucking companies that pay truck drivers on a "per mile" basis, and holding that such trucking companies must also pay hourly and separately for rest periods in addition to the piece-rate pay). Additionally, in *Carranza, et al. v. Dovex Fruit Co.*, Case No. 2:16-cv-00054-SMJ, (E.D. Wash. Jan. 19, 2017) Dkt. No. 38 (Order Regarding the Certification of Questions to the Washington Supreme Court), the federal district court judge held that the *Demetrio* ruling applies retroactively.  Therefore, Defendant failed to provide compliant rest breaks to piece-rate truck drivers because the breaks provided and taken were not "on the employer's time" insofar as they were not paid for separately and hourly, or at all, as required by State law, and failed to make retro payments.

13.    Simply put, Defendant did not and does not compensate its piece-rate truck drivers for rest periods during the Class Period as required by law.

14.    Defendant was on notice, or should have been on notice, of its need to pay separately and hourly and its need to make retro payments, particularly after *Demetrio*, *Helde*, and *Carranza*, made the law clear. Therefore, Defendant's violations alleged above, were willful and deliberate.

15.    In addition, because piece-rate truck drivers were paid based on their mileage, they are and were not compensated separately and hourly, or at all, for their hours performing non-productive work, including (but not limited to) pre-trip inspections, post-trip inspections, completing paperwork, detention and waiting time, fueling time, breakdown time, and loading and unloading. In fact, Defendant did not have policy or practice to compensate its piece-rate truck drivers for such non-productive work, or to compensate the drivers for all hours worked at the appropriate overtime rate.

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

16.     On information and belief, Defendant was on notice of the improprieties alleged herein by Plaintiff and intentionally refused to rectify its policies. Defendant's violations alleged above were therefore willful and deliberate.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the following Classes:

**(1) The Rest Break Unpaid Wage Class:**

**All individuals who (1) resided in Washington State, (2) were employed by Swift Transportation Co. of Arizona, LLC, in the position of truck driver, and (3) who were paid, at least in part, on a "per mile" piece-rate basis, at any time from January 14, 2013 through the date of preliminary approval of the settlement (the "Rest Break Class Period"); and**

**(2) The Non-Driving and Overtime Class:**

**All individuals who (1) resided in Washington State, (2) were employed by Swift Transportation Co. of Arizona, LLC, in the position of truck driver, and (3) who were paid, at least in part, on a "per mile" piece-rate basis, at any time from August 6, 2015 (three years prior to the date the Parties participated in private mediation) through the date of preliminary approval of the settlement (the "Non-Driving and Overtime Class Period").[1]**

18.     This group of current and former Defendant Swift truck drivers during the Rest Break Class Period and/or the Non-Driving and Overtime Class Period will be referred to as hereinafter as "the Class."

19.     Upon information and belief, there are at least 2,540 current and former employees in the Class. Given Defendant Swift's systemic failure to comply with Washington

---

[1] Notwithstanding this Non-Driving and Overtime Class Period definition, the Class Period for overtime claims alleged herein shall exclude any claims asserted in the case of *Slack et al. v. Swift Transportation Co. of Arizona, LLC*, Case No. 3:11-cv-05843-BHS in the United States District Court for the Western District of Washington, which were granted preliminary approval and conditionally certified as a settlement class, including overtime claims, through the date of preliminary approval of the settlement of said *Slack* certified class.

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

1    law regarding the separate payment for rest periods, certain other non-productive tasks, and

2    overtime, the members of the Class are so numerous that joinder of all members is impractical.

3         20.    Plaintiff's claims are typical of the claims of the members of the Class because she

4    is a truck driver who sustained damages arising out of Defendant Swift's failure during the Class

5    Period to pay separately for rest periods, minimum wage, and overtime for all hours worked.

6         21.    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff

7    has no conflict of interest with any member of the Class. Plaintiff has retained competent and

8    experienced counsel in complex class action litigation.  Plaintiff's counsel has the expertise and

9    financial resources to adequately represent the interests of the Class.

10        22.    Common questions of law and fact exist as to all members of the Class and

11   predominate over any questions solely affecting individual members of the Class. Among the

12   questions of law and fact common to the Plaintiff and the Class are the following:

13        a.    Whether Defendant Swift violated WAC 196-126-092(4) by failing to pay

14   Plaintiff and the Class Members separate and hourly pay for rest periods;

15        b.    Whether Defendant violated RCW 49.46.020, 090 by failing to pay Plaintiff and

16   Class Members for all hours worked;

17        c.    Whether Defendant violated RCW 49.46.130 by failing to pay Plaintiff and Class

18   Members at the overtime rate;

19        d.    Whether Defendant Swift's violations of Washington wage and hour law was

20   willful with intent to deprive and is liable for double damages pursuant to RCW 49.52.050, 70;

21        e.    Whether drivers paid on a piece-rate scheme are owed wages for driving and non-

22   driving hours worked beyond 40 hours during a workweek, and so are entitled to overtime;

23        f.    Whether drivers paid on a piece-rate scheme, who worked in excess of 40 hours

24   during a workweek, were exempt from the overtime requirements under the WMWA;

25        g.    Whether Defendant's piece-rate compensation system pays the reasonable

26   equivalent of overtime within the meaning of the WMWA; and

27

28

PLAINTIFF'S FOURTH AMENDED COMPLAINT-6

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

h.   The nature and extent of class-wide injury and the measure of damages for the injury.

23.   Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendant Swift's employee rosters and/or payroll records.

24.   Defendant Swift's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant Swift.

25.   Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant Swift.

26.   Courts have certified similar claims in Washington State. *See e.g.*, *Mendis v. Schneider National Carriers, Inc.*, 2017 WL 497600, at *7 (W.D. Wash. Feb. 2, 2017) (order granting motion to certify identical claims to those asserted here for unpaid rest periods for truck drivers paid on a piece-rate basis); see also *Helde v. Knight Transportation*, 2015 WL 11216714, at *1–2 (W.D. Wash., Mar. 31, 2015) (Order Denying Motion to Decertify the Class with respect to claims for unpaid rest breaks for drivers paid by the mile with no separate and hourly pay for rest periods).

PLAINTIFF'S FOURTH AMENDED COMPLAINT-7

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**
**Implied Cause of Action Pursuant to RCW 49.12**
**Failure to Pay Hourly and Separate Wages for Time Spent on Statutory Rest Periods**
**Apart from and in addition to the Piece-Rate Pay**
**In Violation of WAC 296-126-092(4)**

27.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

28.     Under the Supreme Court of Washington's decision in *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841 (2002), the statutory provisions set forth in RCW 49.12 entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, including wages owed to employees pursuant to properly promulgated regulations. *Id.* at 847-51.

29.     The *Wingert* court also explicitly stated that employees are entitled to a claim under RCW 49.52.050, 070 for double damages where the employer willfully, and with intent to deprive, withheld wages owed pursuant to regulations. *Id.*

30.     WAC 296-126-092(4) provides that:

> (4) Employees shall be allowed a rest period of not less than 10 minutes, ***on the employer's time***, for each 4 hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period. […]

(emphasis added).

31.     The words "on the employer's time" mean that the employer must compensate employees separately and hourly for their times spent taking rest periods authorized under these regulations. *Wingert*, 146 Wash.2d at 848.

32.     The Supreme Court of Washington likewise confirmed that the employer's obligation to pay wages for rest periods extends specifically to piece-rate workers. This means that WAC 296-131-020(2) and WAC 296-126-092(4) obligate an employer to pay separate and apart for rest periods to employees compensated on a piece-rate basis. *Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wash.2d 649, 659 (2015).

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

33.     Given the clear enunciation in *Demetrio* of the requirements for separate pay for rest breaks to employees who are paid on a piece-rate basis, the United States District Court for the Western District of Washington in *Helde v. Knight Transportation* granted summary judgment to plaintiffs on their claim that Knight Transportation failed to pay separately and hourly for rest break time to its line drivers who were paid on a per-mile piece-rate basis, with no separate and hourly pay for rest break time. *See Helde v. Knight Transportation, Inc.*, 2016 WL 1687961, at *4 (W.D. Wash. Apr. 26, 2016). The holding of *Helde* is directly on point and applicable here.

34.     Piece-rate workers are entitled to their regular rate of pay for rest break time. *Demetrio*, at 265-66.

35.     It is also now clear that the ruling of *Demetrio v. Sakuma Bros. Farms*, applies retroactively. In *Helde*, the federal district court judge applied Washington's general rule that "a new decision applies retroactively to both the litigants before the court and in subsequent litigation." *See id.* (citing *McDevitt v. Harbor View Med. Ctr.*, 179 Wn.2d 59, 74-75 (2013) ("The Court finds that the general rule [that new decisions are retroactive] applies in this case. *Sakuma Bros.* did not overrule clear precedent regarding the interplay between a piece rate compensation scheme and the rest break requirement. . . . Retroactive application of the requirement would in no way impede the policy objective that drove the *Sakuma Bros.* decision or WAC 296-126-092(4). . . ."). Furthermore, the federal district court judge in *Carranza, et al. v. Dovex Fruit Co.*, Case No. 2:16-cv-00054-SMJ, (E.D. Wash. Jan. 19, 2017) Dkt. No. 38 (Order Regarding the Certification of Questions to the Washington Supreme Court) expressly held that *Demetrio* applies retroactively. ("Accordingly, the [*Demetrio*] decision does not constitute a new rule of law but rather a clarification of existing law").

36.     Washington wage and hour laws apply to Washington-based drivers, even if they travel from their homes in Washington to another state to begin their routes. *See Mendis, et al. v. Schneider National Carriers, Inc.*, 2017 WL 497600, at *3 (W.D. Wash. Feb. 7, 2017) (citing *Bostain v. Food Express, Inc.*, 153 P.3d 846, 855 (Wash. 2007)) ("Washington's wage and hour

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

laws apply to 'employers who are doing business in Washington and who have hired Washington-Based employees'"). Under *Schneider*, "Washington-based", drivers are those who reside in Washington, have a Washington-issued CDL, and have Washington listed on his or her paystub. *Id.*

37.    As set forth *supra*, Plaintiff and Class Members were compensated on a per-mile piece-rate scheme. However, Defendant failed to pay Plaintiff and Class Members separate and apart from the piece rate for rest breaks during the Rest Break Class Period, which is required by regulation under *Demetrio* and *Helde*.

38.    As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiff and Class Members of wages owed, Defendant deprived Plaintiff and Class Members of compensation in the amounts to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**Violations of the Washington Minimum Wage Act (WMWA)**</u>
**Cause of Action for Violations of RCW 49.46 *et seq.***
**Failure to Pay All Wages Due and Payable for All Hours Worked and at the Overtime Rate**

39.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40.    RCW 49.46.020 established the minimum wage in Washington. Under the WMWA (RCW 49.46 *et seq.*), employers shall pay employees no less than the applicable minimum wage.

41.    Under RCW 49.46.090, employers must pay employees all wages to which employees are entitled. RCW 49.46.090 requires the employer to pay employees the full amount of the statutory minimum wage rate less any amount actually paid to employees.

42.    The WMWA at RCW 49.46.130 states, in pertinent part, that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above

PLAINTIFF'S FOURTH AMENDED COMPLAINT-10

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

1   specified at a rate not less than one and one-half times the regular rate at which he or she is

2   employed."

3          43.     As set forth *supra*, Plaintiff and Non-Driving and Overtime Class Members were

4   compensated on a piece-rate mileage scheme, but were not compensated for all work performed,

5   such as pre-and-post- trip inspections, completing paperwork, detention and waiting time, fueling

6   time, and loading and unloading, separately and hourly and apart from their piece-rate earnings.

7          44.     The WMWA entitled employees to "compensation for regular ***hours worked*** and

8   for any overtime hours worked." *Stevens v. Brink's Home Security, Inc.*, 162 Wash.2d 42, 47

9   (2007) (emphasis added). "Hours worked" is defined as "all hours during which the employee is

10   authorized or required by the employer to be on duty on the employer's premises or at a

11   prescribed work place." *Id.* (citing WAC 296-126-002(8)).

12          45.     In addition to actual time worked, including non-productive tasks, rest periods are

13   compensable time and considered "hours worked." *Wingert*, 146 Wash.2d at 849.

14          46.     For employees paid on a piece-rate compensation scheme, WAC 296-126-021

15   states that in order to comply with the WMWA:

16        (1) the amount earned on such basis in each work-week period may be credited as a part

17        of the total wage for that period; and

18        (2) the total wages paid for such period shall be computed on the hours worked in that

19        period resulting in no less than the applicable minimum wage rate.

20          47.     Hence, for workers paid on a piece-rate scheme, all hours worked beyond 40

21   hours during a workweek must be compensated at the overtime rate.  Plaintiff alleges that,

22   among other things, the Non-Driving and Overtime Class Members are not exempt from the

23   overtime requirements under the WMWA, and that Defendant's piece-rate compensation system

24   does not pay the reasonable equivalent of overtime within the meaning of the WMWA.

25          48.     As set forth above, even after calculating the hours worked and wages paid

26   according to WAC 296-126-021, Defendant still failed to compensate Plaintiff and Non-Driving

27   and Overtime Class Members for all hours worked once accounting for all compensatory time,

28

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

including certain non-productive tasks and rest breaks considered "hours worked" under the WMWA.

49.     As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiff and the Non-Driving and Overtime Class Members of wages owed, Defendant deprived Plaintiff and Class Members of compensation in the amounts to be determined at trial.

### THIRD CAUSE OF ACTION
**Double Damages for Willful and Intentional Withholding of Wages Pursuant to RCW 49.52.050, 070 Flowing from Causes of Action One and Two**

50.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

51.     In *Wingert*, the Supreme Court also explicitly stated that employees are entitled to a claim under RCW 49.52.050, 070 for double damages where the employer willfully, and with intent to deprive, withheld wages owed pursuant to regulations. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841, 847-51 (2002).

52.     In failing to pay for rest period time, particularly after the issuance of *Demetrio*, Defendant acted willfully and with the intent of depriving its employees of the wages to which they were entitled under WAC 296-126-092(4).

53.     As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiff and the Class Members of wages owed, Plaintiff and Class Members are entitled to judgment for twice the amount of wages owed.

### JURY DEMAND

54.     Plaintiff hereby demands trial by jury of his and the class's claims against Defendant Swift.

### PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and the members of the Class, prays for judgment against Defendant Swift as follows:

PLAINTIFF'S FOURTH AMENDED COMPLAINT-12

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

A.     An Order that this action may proceed and be maintained as a class action and certifying the Classes as defined above for the Class Periods defined above;

B.     A declaratory judgment that Defendant willfully violated WAC 296-126-092(4) by failing to pay Plaintiff and the Rest Break Class Members separate and hourly for rest periods during the Rest Break Class Period and failing to make retro payments for unpaid rest period pay due and owed to Plaintiff and these Class Members;

C.     A declaratory judgment that Defendant willfully violated RCW 49.46.020, 090, and 130 by failing to pay Plaintiff and the Non-Driving and Overtime Class Members separate and hourly for their time spent on certain non-productive tasks during the Non-Driving and Overtime Class Period, for failing to make retro payments for unpaid non-productive time pay that is due and owed to Plaintiff and these Class Members, and for failing to compensate the Non-Driving and Overtime Class Members for all hours worked at the appropriate overtime rate;

D.     An award to Plaintiff and Rest Break Class Members in the amount of their unpaid wages owed to them for their statutory rest periods;

E.     An award to Plaintiff and Non-Driving and Overtime Class Members in the amount of their unpaid wages owed to them for all hours worked, including time expended on certain non-productive tasks, at the appropriate regular and/or overtime rate;

F.     Exemplary damages in amounts equal to double the wages due to Plaintiff and Class Members pursuant to RCW 49.52.050, 070 for any time during the Class Period;

G.     Attorneys' fees and costs, as allowed by  law, including RCW 49.48.030 and 49.52.070;

H.     Prejudgment interest; and

I.     All other relief this Court deems proper.

PLAINTIFF'S FOURTH AMENDED COMPLAINT-13

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

Dated:  November 8, 2018               Respectfully submitted,
                                       Law Offices of India Bodien, Esq. (Local Counsel)
                                       Ackermann & Tilajef, P.C.
                                       Hammondlaw, P.C.


                                       By:_____
                                          *Craig J. Ackermann, WSBA #53330
                                           ACKERMANN & TILAJEF, P.C.
                                           1180 South Beverly Drive, Suite 610
                                           Los Angeles, California 90035
                                           Telephone:  (310) 277-0614
                                           Facsimile:   (310) 277-0635
                                           cja@ackermanntilajef.com

                                           India Lin Bodien, WSBA #44898
                                           INDIA LIN BODIEN, ATTORNEY AT LAW
                                           2522 North Proctor Street, #387
                                           Tacoma, Washington 98406-5338
                                           Telephone: (253) 212-7913
                                           Fascimile: (253)276-0081
                                           india@indialinbodienlaw.com


                                          *Julian Hammond, (CA State Bar No. 268489)
                                           Polina Pecherskaya (CA State Bar No. 269086)
                                           Ari Cherniak (CA State Bar No. 290071)
                                           HAMMONDLAW, P.C.
                                           1829 Reisterstown Rd. Suite 410
                                           Baltimore, MD 21208
                                           Telephone:  (310) 601-6766
                                           Facsimile:   (310) 295-2385
                                           jhammond@hammondlawpc.com
                                           ppecherskaya@hammondlawpc.com
                                           acherniak@hammondlawpc.com


                                       *ADMITTED PRO HAC VICE
                                       _____

PLAINTIFF'S FOURTH AMENDED COMPLAINT-14            INDIA LIN BODIEN, ATTORNEY AT LAW
                                                              2522 NORTH PROCTOR STREET #387
                                                              TACOMA, WASHINGTON 98406-5338
                                                                        Tel: (253) 212-7913
                                                                        Fax: (253)276-0081

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF SERVICE

I, Amanda Lutsock declare under penalty of perjury under the laws of the State of Washington that the below counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on November 8, 2018.

Paul S. Cowie at: pcowie@sheppardmullin.com;

John D. Ellis at: jellis@sheppardmullin.com;

David W. Wiley at: dwiley@williamskastner.com;

Sheryl J. Willert swillert@williamskastner.com; and

Jeffery M. Wells jwells@williamskastner.com

Dated this 8th day of November, 2018, at Tacoma, WA.

_____
Amanda Lutsock
Legal Assistant

PLAINTIFF'S FOURTH AMENDED COMPLAINT-15

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081