IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **JULIE HEDGLIN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**, a Washington Corporation,<br><br>Defendant. | Case No.: 3:16-CV-05127-BHS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>NOTE ON MOTION CALENDAR: July 8, 2019 |

The Court, having read and considered all of the papers of the parties and their counsel, including Plaintiff's Motion for Final Approval and supporting pleadings filed on July 1, 2019 and Plaintiff's Motion for Approval of Class Counsel's Fees and Costs, and Service Award for Class Representative, filed on April 12, 2019; having granted preliminary approval on January 3, 2018 ("Preliminary Approval Order"); and good cause appearing, pursuant to Rule 23(e)(1)(A) of the Federal Rules of Civil Procedure ("FRCP"), **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court grants final approval of the Settlement based upon the terms set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement") attached hereto as **Exhibit 1**.

2. The Court hereby makes final the conditional class certification contained in the Preliminary Approval Order, and thus makes final for purposes of the Settlement Agreement the certification, pursuant to FRCP 23(g)(1)(A), of two classes:

    a. The Rest Break Class consisting of all individuals who (1) resided in Washington State, (2) were employed by Swift Transportation Co. of Arizona, LLC, in the position of truck driver, and (3) who were paid, at least in part, on a "per mile" piece-rate basis, at any time from January 14, 2013 through January 3, 2019 (the "Rest Break Class Period"); and

    b. The Non-Driving and Overtime Class consisting of all individuals who (1) resided in Washington State, (2) were employed by Swift Transportation Co. of Arizona, LLC, in the position of truck driver, and (3) who were paid, at least in part, on a "per mile" piece-rate basis, at any time from August 6, 2015 (three years prior to the date the Parties participated in private mediation) through January 3, 2019 (the "Non-Driving and Overtime Class Period").

The Non-Driving and Overtime Class Period shall exclude any certified claims asserted in the case of *Slack et al. v. Swift Transportation Co. of Arizona, LLC*, Case No. 3:11-cv-05843-BHS in the United States District Court for the Western District of Washington, which were granted final approval and certified as a settlement class, including overtime claims, through the date of preliminary approval of the settlement of said *Slack* certified class.

3. The Court hereby finds that the Notice of Proposed Class Action Settlement, as mailed to all Class Members, as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement, the manner in which Class Members could object to the settlement, and the manner in which Class Members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement Agreement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not timely and properly request to be excluded from the settlement[1] are bound by this final Order and shall be deemed to have released any claims described in the Settlement Agreement (the "Released Claims").

4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiff and Defendant, and is the product of good faith, arm's-length negotiations between the parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(1), and specifically:

    a. Approves the $2,490,000 Common Fund;

    b. Approves the distribution of the Payout Fund to Participating Class Members in the manner specified in and subject to the terms of the Settlement Agreement;

---

[1] The Class Members who excluded themselves from the Settlement are: Dale Bundy, Robert Donald Woeck, Jr., Mary McNutt, Scott C. Sommers, Terry L. Carter, Ryan D. Bates, and Marc A. McVey.

   c. Approves the Class Representative Service Award of $10,000 to Plaintiff/Class Representative;

   d. Approves Class Counsel's requested fees award of $498,000 which is twenty percent (20%) of, and to be paid from, the Settlement Amount;

   e. Approves Class Counsel's request for reimbursement of litigation expenses of $24,529.75 to be paid from the Settlement Amount;

   f. Approves payment to CPT, Inc., the Settlement Administrator, of Administration Costs in the amount of $28,500 to be paid from the Settlement Amount; and

   g. Approves and orders that in all other particulars the Settlement Agreement be carried out by the Parties and the Settlement Administrator subject to the terms thereof.

 5. The Court orders that, following the Effective Date as defined in the Settlement Agreement, the Parties and the Settlement Administrator shall carry out the following implementation schedule for further actions and proceedings:

| | |
|---|---|
| Within 15 calendar days of Effective Date | Deadline for Defendant to transfer Common Fund to the Settlement Administrator |
| Within 30 calendar days of Funding Date | Deadline for Settlement Administrator to pay Attorneys' fees and costs to Class Counsel; Class Representative Service Award; and mail Settlement payments to participating Settlement Class Members |
| 90 days after issuance of Settlement checks | Uncashed check voided and funds shall be transmitted by the Settlement Administrator the Washington State Department of Revenue Unclaimed Property Fund in the name of the Settlement Class Members |

 6. This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the

Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out.

7. Upon the Settlement Effective Date, Plaintiff and all Class Members who have not timely and properly excluded themselves from the Settlement Agreement shall be and hereby are enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings with respect to the Released Claims.

Presented by:

   /s/ Julian Hammond

Dated this 8th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge